UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BAC HOME LOAN SERVICES, INC.                    CIVIL ACTION

VERSUS                                          NO. 10-2088

MARCUS J. THIRSTRUP                             SECTION "N" (4)

## ORDER AND REASONS

Original Defendant and Plaintiff-in-Reconvention, Marcus J. Thirstrup ("Thirstrup"), moves the Court to remand this action to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana. The removing third-party defendant, American Security Insurance Company ("American Security"), opposes Thirstrup's motion. As stated herein, **IT IS ORDERED** that the Motion to Remand (Rec. Doc. 5) is **GRANTED**.

Asserting jurisdiction under 28 U.S.C. §1332, American Security removed this matter to the Eastern District of Louisiana on July 26, 2010. Seeking remand, Thirstrup contends that complete diversity is absent because he and Defendant-in-Reconvention, BAC Home Loan Services, Inc. ("BAC"), are both citizens of Texas. American Security, however, maintains that Thirstrup improperly (fraudulently) joined BAC as a defendant to his state-court reconventional demand and, therefore, that BAC's citizenship is immaterial.[1]

---

[1] The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder." *See, e.g., Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). Nevertheless, the term "fraudulent joinder" is still frequently used.

## **LAW AND ANALYSIS**

For 28 U.S.C. §1332 to provide subject matter jurisdiction, complete diversity of citizenship must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. A plaintiff may not join a non-diverse defendant in a suit to defeat diversity jurisdiction *unless* the plaintiff has a viable claim against that defendant. When determining whether the plaintiff has a viable claim, however, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith." 14C C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 629-30 (3d ed. 1998).

"The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983). Specifically, the removing party must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted). "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." *Doe v. Cutter Biological,* 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3723, at 343 (2nd ed. 1985)). The Court, however, should not pre-try the case. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for improper (fraudulent) joinder. Whether using the phrase "no possibility of recovery" or "no reasonable basis for the plaintiff to establish liability," however, the essential standard has been the same. *See Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* the Fifth Circuit explained and clarified the standard:

> [T]he court determines whether the [plaintiff] has any possibility of recovery against the party whose joinder is questioned. If there is a arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002) (internal citation and quotations omitted). *See also Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

Because the validity of the plaintiff's "claim against the [non-diverse] defendant(s) should be capable of summary determination," a full-scale evidentiary hearing is inappropriate for determining improper joinder. *Green,* 707 F.2d at 204. That being said, the scope of the inquiry for improper joinder goes beyond the pleadings to include summary judgment-type evidence. *Travis,* 326 F.3d at 648-49. This allows the Court to determine whether a plaintiff has a basis in fact and law for his or her claim. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, however, the Court "take[s] into account all unchallenged factual allegations, including those in the [petition], in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Finally, all ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of fraudulent joinder. *Id.* at 648.

Here, on the showing made, the Court is unable to find that American Security has borne its heavy burden of proving that BAC's joinder to Thirstrup's claim against American Security was improper. Specifically, the Court finds that American Security has not demonstrated that there is no reasonable basis for predicting that state law might impose liability against BAC on the facts alleged by Thirstrup. Accordingly, BAC's status as a non-diverse defendant-in-reconvention precludes this Court's subject matter jurisdiction under 28 U.S.C. §1332 and requires remand.

Given the foregoing, **IT IS ORDERED** that the Thirstrup's Motion to Remand (Rec. Doc. No.5 ) is **GRANTED**. **IT IS FURTHER ORDERED** that this action is remanded to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, this 17th day of March 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**